ROBERT KITTLE, PLAINTIFF IN ERROR, v. WILLIAM R.
WILSON AND ALFRED P. HOPKINS, DEFENDANTS IN ERROR.

1. **Promissory Note**: EXTENSION OF TIME OF PAYMENT. An
agreement by the indorsee of a promissory note for a definite
extension of the time of payment, in consideration of an agree-
ment by the maker to pay a greater rate of interest than that
provided for in the note, is binding upon them, and if made
without the consent of the indorser will release him from all
liability thereon.

2. ———: HOW EXTENSION OF PAYMENT TO BE AVAILED OF. This
defense is a legal one, and should be made by the indorser in
the action against him on the note; but if he neglect to do so
and suffer judgment to go against him, he cannot afterwards
make it available as a ground for enjoining the enforcement of
such judgment.

APPEAL from the district court for Dodge county.
Tried below before POST, J.

*Robert Kittle, pro se,* upon the points passed upon
by the court, cited *Bank of Steubenville v. Hoge,* 6
Ohio, 17. Chitty on Contracts, 6 Ed., 533.

LAKE, J.

This case comes here by appeal from the district court
for Dodge county. The object of the action is to per-
petually enjoin the collection of a certain judgment
rendered by the county court of that county against
this plaintiff as indorser of a promissory note, executed
by one William Martin to the said plaintiff, and by him
indorsed and transferred to the defendants. It appears
that this note was originally secured by a mortgage exe-
cuted by Martin upon certain real estate which had
been foreclosed, and this judgment was for the balance
remaining unsatisfied after the sale of the mortgaged
premises.

Kittle v. Wilson.

The sole ground upon which this injunction is asked as stated in the petition is, that the defendants, without the knowledge or consent of the plaintiff, entered into an agreement with the maker of the note to extend the time of payment thereof from the 4th of October, 1874, to the 24th day of February, 1877, in consideration of an agreement by the maker to pay interest at the rate of twelve per cent per annum—the note by its terms drawing only ten per cent. And it is alleged that this extension was actually given.

There can be no doubt that if the facts respecting this extension were precisely as alleged in the petition, they would, if established, have been a good defense to the action against the plaintiff in the county court. An agreement between the indorsee and maker of a promissory note, for any definite extension of the time of payment, in consideration of an agreement by the latter to pay an increased rate of interest, is binding upon them, and if made without the consent of the indorser, will release him from all liability on the note.

But this defense was a legal one, and should have been made to the action on the note. By suffering judgment to go against him in that suit, the plaintiff has lost the advantage which the extension gave to him, and cannot now make it available as a ground for resisting the enforcement of the judgment. There is no equity in the petition, and the judgment of the court below dismissing the action must be sustained.

JUDGMENT ACCORDINGLY.